SAMUEL F. HORTON & another *vs.* ALDEN WILDE.

A submission to arbitration under the Rev. Sts. *c.* 114, executed and acknowledged by one
partner in behalf of his firm is void; and a judgment rendered on the award will be reversed
on error.

On the reversal by writ of error of a judgment which has been satisfied by a levy and ex
tent upon land, the court will not order restitution, but will leave the plaintiff in error
to his writ of entry.

WRIT OF ERROR sued out by Samuel F. Horton and Warren
Delano, Jr. to reverse a judgment of the court of common pleas,
in favor of Alden Wilde against them jointly, upon an award
of referees under a submission entered into before a justice of
the peace, under the Rev. Sts. *c.* 114.

The error assigned was, that Delano did not sign or acknowl-
edge the submission, nor appear before the referees, and that the
referees therefore had no jurisdiction. The submission recited
that Horton & Delano and Wilde had agreed to submit " all
demands and matters in difference between them, the said Hor-
ton & Delano of the one part, and the said Wilde of the
other part; " was signed by Horton and Wilde only; and bore a
certificate of a justice of the peace that "the above named
Samuel F. Horton for said Horton & Delano and the said
Wilde personally appeared and acknowledged the above instru-
ment by them signed to be their free act and deed." The
referees, after reciting that Horton and Wilde appeared and
were heard before them, awarded that Wilde recover of Horton
& Delano a certain sum and costs.

The plaintiffs in error also represented to the court, that it
appeared by the records of the court of common pleas, that the
judgment complained of was satisfied by the levy and extent of
an execution issued thereon upon real estate, which was of
greater value than the sum at which it was appraised to satisfy
the judgment; and that the defendant in error had no property,
and a judgment against him for damages would be of no value.
Wherefore they prayed the court, upon the reversal of the judg-

ment, to issue a writ of restitution, or other proper process, to restore the land specifically to them.

*G. Walker*, for the plaintiffs in error. 1. The submission was not signed by or in the name of Delano, one of the original defendants, against whom judgment was rendered; the referees therefore had no jurisdiction, and all their proceedings and those of the court of common pleas are void. Rev. Sts. *c.* 114, § 2. *Abbott* v. *Dexter*, 6 Cush. 108.

2. The judgment having been satisfied by levy and extent of an execution upon real estate, the plaintiffs in error, upon reversal, are entitled, by the rules of the common law, to a restitution of the land set off on the execution, even if it has passed into other hands. By Jackson, J. in *Cummings* v. *Noyes*, 10 Mass. 434. *Jones* v. *Hacker*, 5 Mass. 264. *Goodyer* v. *Junce*, Yelv. (Amer. ed.) 179 *d, & note.* Tidd's Pract. (1st Amer. ed.) 1138. Bac. Ab. Error, M. 3. 2 Paine & Duer's Pract. 439. Co. Ent. 231 *a,* 252 *a,* 272 *a,* 296 *a.* The Rev. Sts. *c.* 112, § 15, provide that " the proceedings upon writs of error, as to the judgment, and all other matters not herein provided for, shall be according to the course of the common law," except as modified in practice or by the general rules of this court. And the Rev. Sts. *c.* 92, §§ 8, 9, recognize this right by providing that, upon review, the defendant may have restitution, " in like manner as upon a reversal upon writ of error."

*M. Wilcox*, for the defendant in error. 1. This submission differs from that in *Abbott* v. *Dexter*, 6 Cush. 108, in being acknowledged by one partner in behalf of both. But if not binding on the one who did not sign it, it should at least be held binding on him who did, and the award and judgment should not be set aside as to him.

2. In this commonwealth, the only judgment to be rendered by this court, upon a writ of error in a civil action, is " such judgment as the court of common pleas should have rendered." Rev. Sts. *c.* 82, § 20. If the plaintiffs in error have any title to the land, they can assert it by writ of entry. In fact, the land taken on execution has been conveyed to an innocent purchaser.

BY THE COURT. 1. The case of *Abbott* v. *Dexter*, 6 Cush.

108, is directly in point to show that this submission and the award rendered thereon were utterly void.

2. We have not facts enough before us to enable us to determine the title of the plaintiff in error to the land. But that is immaterial. It is a simple case of levy of execution by appraisement upon a parcel of land. If the title has passed to another person, so that the plaintiff in error has no right, the order prayed for would not help him. If, on the other hand, he has a right to the land against the party now holding it, he can maintain a writ of entry.          *Judgment reversed.*